## 40835. WILLIAMS v. ATLANTA FEDERAL SAVINGS & LOAN ASSOCIATION et al.

BELL, Presiding Judge. Mrs. Merle Newman Williams filed her petition for declaratory judgment in Fulton Superior Court. The petition alleges that the plaintiff was awarded a widow's year's support setting aside to her certain real estate, that Atlanta Federal Savings & Loan Association subsequently sold the property at a legal sale pursuant to a power of sale contained in a conveyance from the plaintiff's deceased husband to Atlanta Federal, that Atlanta Federal holds funds representing the plaintiff's equity in the property and that the United States District Director of Internal Revenue has levied upon these funds to satisfy a tax lien. The petition requests the court to declare that the plaintiff's claim by reason of her year's support takes precedence over the claim of the Director of Internal Revenue and any and all other claims which might be filed against the funds.

The District Director of Internal Revenue appeared specially to assert the lack of jurisdiction of the court, and thereafter the trial judge entered an order of dismissal. The plaintiff excepts to the judgment of the court dismissing her petition for declaratory judgment. *Held:*

62 Stat. 974 (1948) 28 U.S.C. § 2463 (1958) provides: "All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law ·and *subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."* (Emphasis added.) The funds in question, levied upon under Int. Rev. Code of 1954, § 6331, were "taken or detained" under a revenue law of the United States, and thus, by clear statutory provision, jurisdiction of the case, at least where the plaintiff's claim would interfere with control of the property by the District Director of Internal Revenue, is vested exclusively in the appropriate Federal courts. See generally: N. H. Fire Ins. Co. v. Scanlon, 362 U.S. 404 (80 SC 843, 4 LE2d 826); Universal Commercial Corp. v. Roani, 218 La. 997 (51 S2d 603). As the State court was without jurisdiction to grant the relief prayed for, there was no error in the judgment dismissing the petition.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

DECIDED SEPTEMBER 30, 1964.

*Young H. Fraser,* for plaintiff in error.

*Louis F. Oberdorfer, Assistant U. S. Attorney General, Lee A. Jackson, Joseph Kovner, Charles L. Goodson, Slaton Clemmons, John O. Jones, Paul Anderson,* contra.