[Civ. No. 30105.   Second Dist., Div. Two.   Jan. 24, 1967.]

JOHN NELSON BAIRD et al., Plaintiffs and Respondents, v. WENDT ENTERPRISES, INC., et al., Defendants and Appellants.

---

*Assigned by the Chairman of the Judicial Council.

Charles H. Manaugh for Defendants and Appellants.

Shacknove & Goldman and Philip J. Schacknove for Plaintiffs and Respondents.

FLEMING, J. — The Baird syndicate, the seller, sought damages against Wendt, the buyer, for breach of a contract to purchase a leasehold interest in real property in Hawaii. Wendt counterclaimed for damages for breach of the same contract. The trial court found both parties in default under the contract and refused to award damages to either, a decision which both have appealed.

We affirm the judgment, although our view of the transaction differs somewhat from that of the trial court.

The facts: on June 10, 1960, Baird agreed to sell, and Wendt to buy, a 60-year leasehold on property at Waikiki, together with plans and specifications for a high-rise apartment-hotel for whose construction Baird had secured a building permit on November 23, 1959. The parties agreed to a closing date of November 1, 1960, at which time Baird was to furnish a title report and an effective building permit. During negotiation of the contract the Baird syndicate informed Wendt that its building permit, issued two days before the adoption of a new building code on November 25, 1959, was renewable for a maximum period of 15 months, within which

time substantial construction under the building permit would have to begin in order to prevent its expiration, and that building heights in the area for projects constructed under future permits would be restricted by the new code.

Although the contract provided for a close of escrow on November 1, 1960, well within the life of the building permit and its renewal period, the parties did not maintain that schedule but from time to time extended the closing date, on the final occasion from January 10 to March 10, 1961. Sometime in January 1961 Baird reminded Wendt that the building permit would expire February 22 unless substantial construction on the project began before that date. On February 7 Baird furnished Wendt with a title report. But throughout January, February, and March neither party took any steps to arrange for the start of construction, with the result that on February 22 the existing building permit expired without the possibility of further renewal, the escrow was never closed, and this litigation ensued.

■ Baird filed its appeal two days late, and since compliance with the time requirements for a civil appeal is mandatory, we have heretofore dismissed Baird's appeal. (*Vibert* v. *Berger*, 64 Cal.2d 65, 67 [48 Cal.Rptr. 886, 410 P.2d 390].) Nevertheless we briefly consider its merits in passing on Wendt's appeal.

Baird contends that after it had furnished a title report on February 7 Wendt became obligated to begin substantial construction on the project before February 22, that Wendt's failure to do this amounted to an anticipatory breach of contract which excused performance of Baird's obligation to supply an effective building permit. This argument ignores the explicit terms of the contract, which set the time for Wendt's performance at the close of escrow. Wendt and his business associates lived in California and the project site was in Hawaii. Large scale construction is an involved business requiring the services of diverse groups. We find nothing in the contract which would imply that after Wendt received a title report in early February he was required to initiate immediate construction on the project in order to keep the building permit alive.

Turning to Wendt's appeal, we find that Baird failed to furnish a valid building permit at the close of escrow as it had promised to do. However, the terms of the original contract had been altered by the parties, most recently by their extension on January 10 of the time for closing escrow

to March 10, an extension agreed to by both parties with knowledge, if not appreciation, of the resulting risks to performance of the contract on its original terms. Wendt had been informed that the building permit would expire unless substantial construction were started by February 22, that a similar permit could not be issued under the new building code. By extending the duration of escrow, Wendt agreed to a postponement of the performance of the contract to a time when performance on its original terms would become impossible. The parties, in modifying their contract on January 10, failed to resolve the problems which arose as a consequence of their action. Instead of negotiating an allocation of responsibility which would have insured the performance of the contract, each party apparently preferred to gamble that the other would be held legally responsible for the expiration of the building permit and the consequent inability to construct the apartment-hotel under proposed plans and specifications by reason of the new building code. Neither attempted to renegotiate the contract to authorize the start of substantial construction on the project by February 22 in order to keep the building permit alive, with the result that on the scheduled date for the close of escrow, March 10, by reason of the new building code performance of the contract was prevented by operation of law.

    Since there is no liability for breach of a contract whose performance has been made impossible by operation of law, Baird's inability to perform the contract, as extended, was excused. (Civ. Code, § 1511, subdivision 1; *Industrial Dev. & L. Co.* v. *Goldschmidt,* 56 Cal.App. 507 [206 P. 134]; *National Pavements Corp.* v. *Hutchinson Co.,* 132 Cal.App. 235 [22 P.2d 534]; *Collins Hotel Co.* v. *Collins,* 4 Cal.App. 379 [88 P. 292].) Wendt is not entitled to damages.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied February 17, 1967.