780 F.2d 766
 Willie D. BRIGHT, Plaintiff-Appellant,
v.
BECHTEL PETROLEUM, INC., a corporation doing business in the
State of California and its individual agents; Tom Rowe,
George Burns, Dan McGlathern and C.J. Grabelski, and Does 1
through 10, Defendants-Appellees.
 Nos. 84-2866, 85-1730.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 13, 1985.
Decided Jan. 10, 1986.
As Amended Feb. 21, 1986.
 
 Willie D. Bright, pro per.
 Philip R. Placier, Charles P. McCarthy, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for defendants-appellees.
 On Appeal From the United States District Court for the Northern District of California.
 Before WRIGHT, KENNEDY and BEEZER, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 Plaintiff brought an action against his employer in a California state court. He alleged that his employer had breached his employment contract by paying him less than the contract required. The employer removed the case to federal district court on the ground that plaintiff had artfully pleaded what was in reality a challenge to the employer's compliance with federal law requiring the withholding of federal income tax. The district court denied plaintiff's motion to remand, dismissed the action, and awarded attorney's fees to the employer. We affirm and impose sanctions.
 
 BACKGROUND
 
 2
 On November 7, 1983, Willie D. Bright entered into an employment contract with Bechtel Petroleum, Inc. pursuant to a collective bargaining agreement. On January 3, 1984, Bright provided to Bechtel a federal Employee's Withholding Allowance Certificate (W-4 Form) on which he claimed an exemption from the withholding of federal income tax.
 
 
 3
 In accordance with federal internal revenue regulations, Bechtel forwarded Bright's W-4 Form to the Internal Revenue Service (IRS). On March 14, 1984, the IRS issued a directive to Bechtel declaring Bright's W-4 Form invalid and ordering Bechtel to begin withholding federal income tax. Pursuant to a California state income tax regulation, Bechtel also began withholding state income tax. In 1984, a total of $2,486.18 in federal tax and $736.00 in state tax was withheld from Bright's wages.
 
 
 4
 On June 1, 1984, Bright filed an action against Bechtel, and certain individual agents, in California Superior Court alleging a breach of contract. Bechtel removed the case to the United States District Court for the Northern District of California on the ground that the true basis of the complaint was that Bechtel had complied with federal income tax laws in withholding tax from Bright's wages. Bechtel also moved for dismissal of the action, and for an award of costs and attorney's fees on the ground the complaint was frivolous and filed in bad faith.
 
 
 5
 Bright moved to remand the case back to state court, arguing that he desired to litigate only the question of Bechtel's withholding of state income tax from his wages.
 
 
 6
 On December 4, 1984, the district court denied Bright's motion to remand, granted the motion to dismiss, and awarded attorney's fees in the amount of $3300 to Bechtel.
 
 
 7
 On December 19, 1984, Bright filed a motion asking the court for "clarification" of the grounds of its judgment. Before the district court had ruled on this motion, Bright filed a notice of appeal from the judgment. The court subsequently denied Bright's motion. Bright also filed a notice of appeal from that order. The two appeals have been consolidated.
 
 ANALYSIS
 A. Standard of Review
 
 8
 A question of federal subject matter jurisdiction, such as that permitting removal of a case from state to federal court, is reviewable de novo. See Mobil Oil Corp. v. City of Long Beach, 772 F.2d 534, 538 (9th Cir.1985). This court reviews de novo a district court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted. Trerice v. Pedersen, 769 F.2d 1398, 1400 (9th Cir.1985).
 
 
 9
 B. Removal of the Case--Federal Question Jurisdiction
 
 
 10
 Bright's complaint alleges that Bechtel breached the employment contract by "issuing to plaintiff paychecks that were in amounts less than contracted and agreed for." The complaint alleges a cause of action based upon "breach of contract and a gross violation of Christian principles."
 
 
 11
 Bechtel petitioned to remove the case to federal district court on the ground that the "breach" Bright alleges is based upon Bechtel's withholding of income tax pursuant to federal law. Bechtel contends the action falls within the district court's original jurisdiction because it "arises under" federal internal revenue statutes.[1]
 
 
 12
 An action may "arise under" a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983); Mobil Oil Corp. v. City of Long Beach, 772 F.2d 534, 539 (9th Cir.1985). Under the "well-pleaded complaint" rule, the federal question, which invokes federal jurisdiction, must appear from the complaint and not from any federal defense the defendant might raise to defeat the claim. Franchise Tax Board, 463 U.S. at 10, 103 S.Ct. at 2846; Mobil Oil Corp., 772 F.2d at 538-39.
 
 
 13
 Although the plaintiff is generally considered the "master of his complaint" and is free to choose the forum for his action, this principle is not without limitation. Schroeder v. Trans World Airlines, Inc., 702 F.2d 189, 190 (9th Cir.1983).[2] A plaintiff will not be allowed to conceal the true nature of a complaint through "artful pleading." Id. at 191; see also Olguin v. Inspiration Consolidated Copper Co., 740 F.2d 1468, 1472 (9th Cir.1984).
 
 
 14
 Bechtel, through background information in its petition for removal and supporting affidavits,[3] demonstrated that Bright, despite "artfully pleading" his action as a breach of contract, in fact is challenging federal income tax withholding laws and regulations. Bright had written two letters threatening a lawsuit for breach of contract against Bechtel for complying with the IRS directive to withhold income tax from his wages. Both letters criticized the IRS directive as illegal and cited federal internal revenue statutes. The second letter expressly referred to a decision in this circuit, Stonecipher v. Bray, 653 F.2d 398 (9th Cir.1981), cert. denied, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982), which dismissed a suit, similar to the instant action, as frivolous.
 
 
 15
 In addition, affidavits were presented to the district court showing that Bright's complaint contains language virtually identical to that in the complaint of another employee who had filed an action against Bechtel in state court.[4] That action had been removed to the Northern District on the same ground, that the alleged breach of contract derived from the company's withholding of federal income tax from a paycheck, and had been dismissed as frivolous shortly before Bright filed the complaint in this action.
 
 
 16
 Once the removal petition had been filed, Bright asserted for the first time that he intended only to litigate a claim involving the withholding of California state income tax. Thus, Bright argues, no federal question is raised. Bright's assertion must be regarded as disingenuous. The complaint simply does not state a claim limited to a state tax issue. It is clear under the circumstances that Bright has raised this new argument as another attempt to evade the jurisdiction of the Northern District, which has been acting swiftly to dismiss similar suits as frivolous.
 
 
 17
 Accordingly, the removal of the action to federal court was proper. See Chandler v. Perini Power Constructors, Inc., 520 F.Supp. 1152, 1155 (D.N.H.1981).
 
 
 18
 C. Dismissal of Federal Tax Withholding Claim
 
 
 19
 Under 26 U.S.C. Sec. 3402, an employer has a mandatory duty to withhold federal income tax from an employee's wages where required by applicable regulations. See Maxfield v. United States Postal Service, 752 F.2d 433, 434 (9th Cir.1984); Chandler v. Perini Power Constructors, Inc., 520 F.Supp. 1152, 1153 (D.N.H.1981). The actions taken by Bechtel, in withholding federal income tax from Bright's wages, were fully in accordance with federal internal revenue regulations.[5] This circuit has repeatedly held that an employer is not liable to an employee for complying with its legal duty to withhold tax. Maxfield, 752 F.2d at 434; see Stonecipher v. Bray, 653 F.2d 398, 403 (9th Cir.1981) (employer has not breached employment contract by withholding taxes from wages and paying employee the balance), cert. denied, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982); Callow v. Amerace Corp., 681 F.2d 1242, 1243 (9th Cir.1982) (affirming dismissal of action against employer seeking to recover withheld federal and state income tax).
 
 
 20
 The Internal Revenue Code, 26 U.S.C. Sec. 3403, expressly provides that an employer is liable to the IRS for the payment of tax withheld, and "shall not be liable to any person for the amount of any such payment." Thus, suits by employees against employers for tax withheld are "statutorily barred." Chandler, 520 F.Supp. at 1156.
 
 
 21
 In addition, we have held that actions, such as this, are barred by the Anti-Injunction Act, 26 U.S.C. Sec. 7421(a), which prohibits suits "for the purpose of restraining the assessment or collection of any tax." Maxfield, 752 F.2d at 434. A lawsuit, such as in the instant case, can be viewed as one to restrain collection (through withholding) of federal income tax. See id.; Chandler, 520 F.Supp. at 1155.
 
 
 22
 The district court properly dismissed Bright's claim involving withholding of federal income tax.
 
 D. Dismissal of State Tax Withholding Claim
 
 23
 Bright's complaint also raises a breach of contract claim against Bechtel based on the withholding of state income tax. Bechtel withheld state income tax in compliance with a California state regulation, 22 Cal.Admin.Code Sec. 4340-1(b), providing that a federal determination that a withholding exemption claim is invalid is also effective for state withholding purposes.
 
 
 24
 As the district court failed to remand any part of the case to state court, and granted a final dismissal of the case, we must assume the district court also dismissed the claim involving withholding of state tax.
 
 
 25
 The district court had proper jurisdiction over the claim for breach of contract involving state tax withholding. Once the federal court acquires jurisdiction of a case on removal, it also acquires jurisdiction over pendent state law claims. Salveson v. Western States BankCard Ass'n, 731 F.2d 1423, 1430 (9th Cir.1984). Dismissal of the federal claim does not deprive a federal court of the power to adjudicate the remaining pendent state claims. Rosado v. Wyman, 397 U.S. 397, 403-04, 90 S.Ct. 1207, 1213, 25 L.Ed.2d 442 (1970); Anderson v. Allstate Ins. Co., 630 F.2d 677, 681 (9th Cir.1980).
 
 
 26
 The claims involving withholding of state tax and of federal tax arose out of a "common nucleus of operative fact." See United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Bechtel's withholding of both taxes was based upon the single IRS directive. The California regulation makes the IRS determination effective for state purposes as well. Although the funds withheld were allocated between the IRS and the California Franchise Tax Board, the act of withholding was a single transaction.
 
 
 27
 Furthermore, the same issue, concerning whether an employer can be held liable in breach of contract for complying with government regulations, is raised in the claim involving state tax withholding. To conserve judicial resources, it was appropriate for the district court to decide this issue. It was not an abuse of discretion to refuse to remand this claim to state court.
 
 
 28
 Bright argues that it is inappropriate for a federal court to consider state tax issues. It is true that the principle of comity generally bars challenges to the validity of state tax systems in federal court.[6] See Miller v. City of Los Angeles, 755 F.2d 1390, 1391 (9th Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 408, 88 L.Ed.2d 359 (1985). However, the California state income taxation system is not at issue in this action. Bright does contend that the regulation requiring an employer to withhold state tax if the IRS determines an exemption claim is invalid, 22 Cal.Admin.Code Sec. 4340-1(b), violates the California constitution and state statutes which purportedly prohibit such a delegation of state taxation authority to the federal government. This is simply not relevant. Even if the regulation is invalid, it was justifiable for Bechtel to rely upon it and comply with its command. The only issue raised in this action is whether an employer can be held liable under California law for obeying a California regulation.
 
 
 29
 One California court has recently considered a claim similar to that brought by Bright in the instant case. In Otworth v. Southern Pacific Transp. Co., 166 Cal.App.3d 452, 167 Cal.App.3d 102 E, 212 Cal.Rptr. 743, 744-45 (1985), the plaintiff alleged conversion, breach of contract, violations of constitutional rights, and unjust enrichment against his employer for withholding federal and state income tax. The funds had been turned over to the IRS and California Franchise Tax Board. Id., 212 Cal.Rptr. at 745. The court affirmed dismissal of these claims and imposed sanctions for frivolous appeal. Id., 212 Cal.Rptr. at 748-49.
 
 
 30
 The court appeared to view the state tax withholding issue as part and parcel of the federal tax withholding dispute. Consequently, the court's conclusion that the plaintiff failed to state a claim for breach of contract would apply to both the withholding of federal and state tax. The court held that, in the absence of a provision requiring the employer to refrain from withholding, an employer "discharges its contractual obligations when it withholds taxes from the employee's wages and pays the employee the balance." Id., 212 Cal.Rptr. at 747.
 
 
 31
 Even if a technical breach of contract were established, Bright could not prevail in this action. Under Cal.Civ.Code Sec. 1511(1), no liability exists for breach of a contract whose performance has been made impossible by operation of law. Baird v. Wendt Enterprises, Inc., 248 Cal.App.2d 52, 56 Cal.Rptr. 118, 120 (1967); see generally 1 Witkin, Summary of California Law, "Contracts," Sec. 607, at 517 (8th ed. 1973). A party is not required to violate the law to avoid liability for breach of contract.[7] See Northrop Corp. v. Triad Financial Establishment, 593 F.Supp. 928, 937 (C.D.Cal.1984) (interpreting California law).
 
 
 32
 The claim involving withholding of state tax was properly dismissed.
 
 E. Award of Attorney's Fees
 
 33
 The district court did not abuse its discretion in awarding attorney's fees. See Callow v. Amerace Corp., 681 F.2d 1242, 1243 (9th Cir.1982). The action is plainly frivolous, brought in bad faith, and for the purposes of harassment.[8]
 
 
 34
 The district court was made aware of another recent judgment in the Northern District, dismissing a nearly identically worded complaint by another Bechtel employee, which found that there was an organized campaign of "tax protest" lawsuits, aimed at "thwarting federal tax regulations by inundating employers with frivolous suits in the hope that the volume and cost of litigation involved in defending these actions will deter employers from withholding taxes." McFarland v. Bechtel, 586 F.Supp. 907 (N.D.Cal.1984).
 
 
 35
 Under these circumstances, the award of attorney's fees was "an appropriate deterrent to future frivolous suits." Callow, 681 F.2d at 1243.
 
 
 36
 F. Denial of Motion for "Clarification"
 
 
 37
 The district court's final judgment was entered on December 4, 1984. On December 19, 1984, Bright filed a motion for "clarification" of the judgment. Even if this court liberally construes Bright's motion as a motion under Federal Rule of Civil Procedure 52(b) to amend the findings or under Rule 59(e) to alter or amend the judgment, the motion was not made within 10 days after entry of the judgment as required by the rules.
 
 
 38
 Even had the motion been timely, it was properly denied. Rule 52(a) provides that findings of fact and conclusions of law are unnecessary in decisions on motions.
 
 G. Attorney's Fees and Costs on Appeal
 
 39
 "When a judgment is affirmed, this court has authority to award fees and double costs on appeal in its discretion pursuant to 28 U.S.C. Sec. 1912. Federal Rule of Appellate Procedure 38 provides for the same remedy if the court finds an appeal is frivolous." Maxfield v. United States Postal Service, 752 F.2d 433, 434-35 (9th Cir.1984) This court has imposed such sanctions previously in cases involving similar frivolous claims against employers for withholding income tax. Maxfield, 752 F.2d at 435; Stonecipher v. Bray, 653 F.2d 398, 403 (9th Cir.1981), cert. denied, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982).
 
 
 40
 An award of attorney's fees is particularly warranted in this case as Bechtel should not be forced to bear the expense of this action and appeal simply because it properly complied with federal and state law. Bechtel is an innocent bystander caught in the crossfire of Bright's war against the income taxation system. Bechtel should therefore be awarded reasonable attorney's fees and double costs on appeal. See Maxfield, 752 F.2d at 435.
 
 
 41
 In this case, Bechtel shall have 15 days following the filing of this decision within which to submit a declaration for attorneys' fees calculated in accordance with the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).
 
 
 42
 AFFIRMED.
 
 
 
 [1]
 Bechtel argues that removal of the case was proper under 28 U.S.C. Sec. 1441(a) & (b), as the action was within the original jurisdiction of the district court pursuant to 28 U.S.C. Sec. 1331 (original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States") and 28 U.S.C. Sec. 1340 (original jurisdiction of any civil action arising under federal statutes providing for internal revenue). See Chandler v. Perini Power Constructors, Inc., 520 F.Supp. 1152, 1154 n. 3 (D.N.H.1981) (upholding removal pursuant to these statutes of a case alleging breach of an employment agreement, on the ground that the suit actually challenged employer's withholding of federal income tax)
 
 
 [2]
 In Schroeder, the plaintiffs attempted to frame their action as a breach of agreement under state law. This court looked through to the substance of the action and found it actually involved a labor dispute governed by federal law. Id. at 190-91. As in the instant case, the plaintiffs had attempted to avoid application of federal law by relying on state law to articulate their claims
 
 
 [3]
 It is proper to use the petition for removal to clarify the action presented in the complaint in determining whether it raises a federal question. Schroeder, 702 F.2d at 191; Olguin, 740 F.2d at 1473
 
 
 [4]
 For example, both complaints framed the cause of action as "breach of contract and a gross violation of Christian principles." This is hardly coincidental
 
 
 [5]
 Under 26 C.F.R. Sec. 31.3402(f)(2)-1(g)(1) & (2), an employer is required to forward an employee's W-4 Form to the IRS, if the employee claims an exemption from withholding of tax while earning more than $200 per week. Under 26 C.F.R. Sec. 31.3402(f)(2)-1(g)(5)(v), if the IRS issues a directive instructing an employer to disregard an employee's withholding exemption W-4 Form as defective, the employer must withhold amounts from the employee's wages in accordance with the IRS notice
 
 
 [6]
 In addition, the Tax Injunction Act, 28 U.S.C. Sec. 1341, deprives federal district courts of subject matter jurisdiction over actions for injunctive relief from state taxation schemes. Marvin F. Poer & Co. v. Counties of Alameda, 725 F.2d 1234, 1236 (9th Cir.1984). This court also refuses to recognize jurisdiction over actions for refunds of state taxes. Id
 
 
 [7]
 An administrative regulation, of course, has the force of law. And government regulations cannot be varied or evaded by private contract. Alpha Beta Food Markets, Inc. v. Retail Clerks Union Local 770, 45 Cal.2d 764, 291 P.2d 433, cert. denied, 350 U.S. 996, 76 S.Ct. 547, 100 L.Ed. 861 (1956)
 
 
 [8]
 As a further example of the frivolous and bad faith nature of this action, Bright's complaint seeks more than one hundred million dollars in damages from Bechtel for withholding approximately $3222 in taxes