Gerald BERRY, Appellant,

v.

KETCHIKAN PUBLIC UTILITIES, and Al Learned, Van Abbott, and Gail Boyd, Appellees.

No. S–1294.

Supreme Court of Alaska.

Oct. 31, 1986.

---

Gerald Berry, pro se.

Mitchell A. Seaver, Asst. Mun. Atty., Russell W. Walker, Mun. Atty., Ketchikan, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

Gerald Berry appeals from a decision of the trial court holding that it does not have jurisdiction over Berry's suit against his employer, Ketchikan Public Utilities (KPU), for "trover and conversion" involving the withholding of Berry's earnings under a levy by the Internal Revenue Service (IRS) to recover delinquent income taxes. For the reasons that follow, we affirm the decision of the trial court, and grant KPU reasonable attorneys fees and costs incurred as a result of this appeal.

## I. FACTS AND PROCEEDINGS

Gerald Berry is a self-styled "Freeman" who claims to be immune from any and all taxes. He notified his employer, KPU, that he believed he was "not a taxable person," and directed that no deductions be taken from his paycheck without his permission or a court order.

The IRS served KPU with a Notice of Levy, showing Berry's federal income tax delinquency in the amount of $46,862.23. KPU withheld a portion of Berry's wages totalling $3,661.05 as required by 26 U.S.C. § 6332 (1982). Section 6332 provides, *inter alia*, that any person in possession of property subject to levy upon which levy has been made shall, upon demand of the Secretary of the Treasury surrender such property.

Berry sued KPU and individual employees of KPU's financial department, under his self-styled theory of "trover" based on KPU's alleged "conversion" of his property. He claimed $3,661.05 in "wages" and $250,000.00 in "costs, interest and irrevocable damages." KPU moved to dismiss for lack of subject matter jurisdiction. The trial court stated that 26 U.S.C. § 7421(a) (1982) prohibits suits for the purpose of restraining the assessment or collection of any tax. The court granted KPU's motion, saying:

> Mr. Berry's suit is designed to stop the collection of federal taxes; that he frames it as a private dispute not involving the IRS does not change the fact that the goal is to secure him money that has been taken or detained under a federal tax law administered by the IRS.

Berry appeals this ruling. KPU requests costs and actual attorney's fees pursuant to Appellate Rule 508(e) because it claims that Berry's appeal is frivolous.

## II. JURISDICTION

 Federal courts have exclusive jurisdiction over property seized pursuant to revenue laws of the United States. 28 U.S.C. § 2463 (1982).[1] We agree with oth-

---

1. 28 U.S.C. § 2463 (1982) provides:

All property taken or detained under any revenue law of the United States shall not be replevi-

er states that have held that state courts have no jurisdiction over property seized under internal revenue laws. *See Williams v. Atlanta Federal Savings & Loan Association,* 110 Ga.App. 388, 138 S.E.2d 613 (1964); *People v. Hernandez,* 52 Mich.App. 56, 216 N.W.2d 438 (1974).

Federal courts have assumed, without discussion, that money, as well as physical property, is within the statute. *See, e.g., Seattle Association of Credit Men v. United States,* 240 F.2d 906, 909 (9th Cir. 1957); *United States v. Cameron Construction Co.,* 246 F.Supp. 869 (S.D.N.Y. 1965). Berry advances no reason why money should not come within § 2463, and we can think of none.

Berry's property, i.e., his money, clearly was "taken or detained under [a] revenue law of the United States." 28 U.S.C. § 2463 (1982). His wages were levied upon and withheld under 26 U.S.C. §§ 6331–6334 (1982). As the trial court noted, the fact that Berry styles his complaint as one for damages against his employer does not alter the purpose of the suit, which is to regain money detained by the IRS. *See, Bright v. Bechtel Petroleum, Inc.,* 780 F.2d 766, 769 (9th Cir.1986) (despite "artfully pleading" action as contract dispute, plaintiff was actually challenging federal income tax laws and regulations).

We therefore affirm the trial court's dismissal for lack of subject matter jurisdiction.

III. COSTS AND ATTORNEY'S FEES

KPU asks us to grant it costs and attorney's fees under Appellate Rule 508(e).[2] We agree with KPU that Berry's appeal is frivolous and therefore grant actual reasonable attorney's fees and costs to KPU.

Berry argues that KPU's withholding of his wages constituted an illegal taking without the due process guarantees of the 14th Amendment to the United States Constitution and Article I, § 7 of the Alaska Constitution. He even goes so far as to submit a violation of Article I, § 1 of the Alaska Constitution, providing that every person has a natural right to "enjoyment of the rewards of their own industry." Apparently he is lodging an attack of constitutional magnitude against the entire system of federal income taxation.

There is absolutely no authority which even remotely supports Berry's claims in this case. Berry's arguments are frivolous. Every court to consider them has found them to be without merit. *See Edgar v. Inland Steel Co.,* 744 F.2d 1276, 1278–9 n. 4 (7th Cir.1984). We consider it an abuse of the judicial review process for reluctant taxpayers to "press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes." *See Granzow v. Commissioner,* 739 F.2d 265, 269–70 (7th Cir.1984). *See also Bright,* 780 F.2d at 772 (court awards attorney's fees and double costs on appeal in tax suit which was "plainly frivolous, brought in bad faith, and for the purposes of harassment"); *Maxfield v. United States Postal Service,* 752 F.2d 433 (9th Cir.1984) (sanctions appropriate in cases involving frivolous claims against employers for withholding taxes); *Edgar v. Inland Steel Co.,* 744 F.2d at 1278 (suit "represents yet another disturbing example of a patently frivolous appeal filed by abusers of the tax system merely to delay and harass the collection of public revenues").

We believe that sanctions against frivolous suits by tax protesters are appropri-

able, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof.

**2.** Alaska R.App.P. 508(e) provides:

Attorney's fees may be allowed in an amount to be determined by the court. If such an allowance is made, the clerk shall issue an ap-

propriate order awarding fees at the same time that an opinion or order under Rule 214 is filed. If the court determines that an appeal or cross-appeal is frivolous or that it has been brought simply for the purposes of delay, actual attorney's fees may be awarded to the appellee or cross-appellee.

ate to serve such policy goals as conserving court resources and protecting employers, who are bound to obey federal tax law, yet must bear the expense of defending against this type of litigation.

As the court said in *Bright:*

[a]n award of attorney's fees is particularly warranted in this case as Bechtel should not be forced to bear the expense of this action and appeal simply because it properly complied with federal and state law. Bechtel is an innocent bystander caught in the cross-fire of Bright's war against the income taxation system.

780 F.2d at 772–73.

Like Bechtel, KPU had no choice except to comply with federal withholding requirements and with a properly executed levy. It should not be required to shoulder the financial burden of Berry's misguided attack on the tax system.

"Abusers of the tax system have no license to make irresponsible demands on [reviewing courts] to consider fanciful arguments put forward in bad faith". *Granzow,* 739 F.2d at 270.

The judgment of the trial court is AFFIRMED and appellee is granted actual reasonable attorney's fees and costs.