29 F.3d 633
 74 A.F.T.R.2d 94-5553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Jaime MARTINEZ, Plaintiff-Appellant,
v.
SOUTHERN CALIFORNIA RAPID TRANSIT DISTRICT; United States
of America; Internal Revenue Service; Karen
Price, aka, K. Price, Defendants-Appellees.
 No. 93-56017.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 22, 1994.
 
 Before: FARRIS, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Jaime Martinez appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his action challenging the applicability of federal revenue laws to him and seeking declaratory relief and damages against the United States, the Internal Revenue Service (IRS), IRS employee Kim Prince, and his employer, the Southern California Rapid Transit District. He sought a declaration that he is not liable for the payment of federal income taxes because he is a citizen of the California Republic and damages in the amount of taxes that had been withheld from his wages by his employer. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 STANDARD OF REVIEW
 
 3
 We review de novo the removal of an action from state court to federal district court. Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 768 (9th Cir.1986). We also review de novo the district court's dismissal of an action for lack of subject matter jurisdiction. Id.
 
 DISCUSSION
 I. Removal
 
 4
 Martinez contends that the removal of his action from state court to federal district court was improper because the district court has jurisdiction only over citizens of the District of Columbia and he is a citizen of California.
 
 
 5
 Where an action involving a question of federal law is brought in state court, the action is removable without regard to the citizenship or residence of the parties. 28 U.S.C. Sec. 1441(b). The district courts have original jurisdiction over civil actions arising under federal revenue laws. 28 U.S.C. Sec. 1340. Martinez's action is concerned solely with his liability for the payment of federal income taxes. Accordingly, the removal of his action to federal district court was proper. See 28 U.S.C. Sec. 1441(b); Bright, 780 F.2d at 768-70.
 
 
 6
 II. Dismissal for Lack of Subject Matter Jurisdiction
 
 
 7
 Martinez contends that the district court erred by dismissing his action for lack of subject matter jurisdiction.
 
 
 8
 The United States, as a sovereign, may not be sued without its express consent. United States v. Testan, 424 U.S. 392, 399 (1976). "Where a suit has not been consented to by the United States, dismissal of the action is required." Id. A suit against IRS employees in their official capacity is essentially a suit against the United States and is barred by sovereign immunity absent statutory consent.[2] Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985).
 
 
 9
 Martinez's claim for declaratory relief is expressly barred by the Declaratory Judgment Act, 28 U.S.C. Sec. 2201. His claim for damages in the amount of taxes that had been withheld from his wages is barred by sovereign immunity because he has failed to satisfy the statutory prerequisites necessary to maintain a tax refund suit in federal district court. See 26 U.S.C. Sec. 7422.
 
 
 10
 Finally, the Southern California Rapid Transit District is immune from suit as an employer acting in compliance with its duties under federal revenue laws. See 26 U.S.C. Sec. 3403; Bright, 780 F.2d at 770. Accordingly, the district court properly dismissed Martinez's action for lack of subject matter jurisdiction.
 
 III. New Issues on Appeal
 
 11
 For the first time on appeal, Martinez contends that the Internal Revenue Code is unenforceable because no implementing regulations have been promulgated and that the IRS violated 26 U.S.C. Sec. 6335 by failing to send a notice of the seizure of his wages as soon as practicable after the seizure. Because there are no exceptional circumstances warranting review of these contentions for the first time on appeal, we decline to address them. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985).
 
 
 12
 The government's request for sanctions is denied.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Martinez's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Martinez's motion to file a late reply brief is granted. The reply brief previously received by this court shall be filed
 
 
 [2]
 Although Martinez generally alleged in his complaint that IRS employee Kim Prince acted outside the scope of her employment, he alleged no specific facts suggesting that Prince acted other than in her official capacity as an IRS employee