46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin SCHNEIDER, Plaintiff-Appellant,
v.
The BOEING COMPANY; et al., Defendants-Appellees.
 No. 94-35115.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Dec. 19, 1994.*
Decided: Jan. 6, 1995.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Melvin Schneider appeals pro se the district court's dismissal based on res judicata of his action against The Boeing Company ("Boeing") and others arising out of Schneider's employment with Boeing. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 We review de novo the district court's determination that an action is barred by the doctrine of res judicata. Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir. 1988).
 
 
 4
 The doctrine of res judicata encompasses the doctrines of issue preclusion and claim preclusion. Id. "Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." Id. (quotation omitted). Claim preclusion bars relitigation of all claims that were previously available to the parties, whether or not the claims were actually asserted and adjudicated in the prior action. Id. at 322.
 
 
 5
 Here, Schneider filed this action against Boeing, several Boeing employees, and a Bellevue police officer alleging various acts of wrongdoing arising out of Schneider's employment and discharge. Specifically, Schneider alleged in part that defendants harassed and defamed him, invaded his privacy, retaliated against him, and wrongfully investigated his activities. Schneider previously filed an action against the same parties, based on the same incidents, and raising the same claims. See Schneider v. The Boeing Company, No. CV-92-1266D(CRD) (W.D. Wash. Feb. 10, 1993).[1] The district court dismissed that action for lack of jurisdiction and for failure to state a claim. See id.[2]
 
 
 6
 Because Schneider's present action involves the same parties and is based on the same claims as his prior action, he is barred from relitigating those claims. See Robi, 838 F.2d at 322. Thus, the district court did not err by dismissing the present action under the doctrine of res judicata. See id.
 
 
 7
 Schneider also contends that the district court erred by failing to make findings of fact before dismissing his action. This contention lacks merit.
 
 
 8
 "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule." Fed. R. Civ. P. 52(a); accord Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 772 (9th Cir. 1986). Because subdivision (c) does not apply, the district court was not required to make findings of fact. See Bright, 780 F.2d at 772.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Schneider also filed several additional actions arising out of the same incidents surrounding his employment with Boeing. See Schneider v. The Boeing Company, No. CV-90-851Z; Schneider v. The Boeing Company, No. CV-91-1463D
 
 
 [2]
 The district court granted summary judgment for defendants on Schneider's Title VII claims on November, 22, 1993. See Schneider, No. CV-92-1266D(CDR) (W.D. Wash. Nov. 22, 1993)