**Paula Rae SMITH Plaintiff,**

v.

**Charles O. ROSSOTTE, Commissioner, Internal Revenue Service, Dennis L. Paiz, Chief Examination Branch, Deborah S. Decker, Director, Ogden Customer Service Center, Mr. Parezek; Susan Meredith, Automated Collection Service, Fresno, Greenpoint Financial, Does 1–999, Defendants.**

**No. 02–922–HU.**

United States District Court, D. Oregon.

Jan. 30, 2003.

Paula Rae Smith, Portland, OR, Plaintiff, Pro Se.

Michael W. Mosman, United States Attorney, District of Oregon, Portland, OR, Jeremy N. Hendon, Trial Attorney, Tax Division, United States Department of Justice, Washington, DC, for Defendants Rossotte, Paiz, Decker, Parezek and Meredith.

HAGGERTY, District Judge.

This matter is before the court on defendants Rossotte, Paiz, Decker, Parezek, and Meredith's motion to dismiss (# 3). For the following reasons, defendants' motion is granted.

### BACKGROUND

Plaintiff filed a petition to quash notice of levy issued by the Internal Revenue Service ("IRS") on April 27, 2002. Plaintiff challenges the procedural validity of a tax lien and seeks a release of the garnishment of her wages and a return of her property. Plaintiff alleges that defendants did not provide a ten day notice and demand, that plaintiff did not receive a copy of the Notice of Levy or a Certificate of Assessment form, and she did not receive a due process hearing. Plaintiff further alleges that her earnings are not taxable income and seems to contend that alcohol, tobacco, and firearms are the only taxable items.

Defendants Rossotte, Paiz, Decker, Parezek, and Meredith filed a motion to dismiss the complaint pursuant to Rule 12(b)(1), (b)(5), and (b)(6). Defendants contend that (1) the United States is the

only proper defendant in this action; (2) plaintiff did not properly serve the United States; (3) this court lacks jurisdiction with respect to wages which the IRS has already levied upon and collected; (4) this court lacks jurisdiction with respect to plaintiff's contentions regarding issues other than the procedural validity of the levy; (5) this court lacks jurisdiction over plaintiff's procedural allegations; and (6) injunctive relief is barred in this case by the Injunctive Relief Act. Plaintiff filed no response to the motion to dismiss. Defendants' motion is now before the court.

## STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989). The court may consider evidence outside the pleadings to resolve factual disputes. *Id.; see also Dreier v. United States*, 106 F.3d 844, 847 (9th Cir.1996) (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

On a motion to dismiss pursuant to Rule 12(b)(6), the court must review the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The court should construe the complaint most favorably to the pleader:

In evaluating the sufficiency of the complaint, we follow, of course, the accepted rule that the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *American Family Ass'n, Inc. v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir.2002). The allegations of material fact must be taken as true. *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir.1994).

## DISCUSSION

### I. Individual Defendants

■ Plaintiff brings this action against a number of IRS employees. However, the complaint makes no allegations against these defendants in their individual capacities. Rather, plaintiff's allegations are directed solely against these defendants in their official capacities and plaintiff seeks relief solely from the United States. Plaintiff may only seek relief for actions of these individuals taken in their official capacities from the United States, not from the individual defendants. *See Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir.1982). Therefore, to the extent that plaintiff brings these claims against defendants Rossotte, Paiz, Decker, Parezek, and Meredith in their official capacities, plaintiff's claims are dismissed.

### II. Improper Service

Defendants also contend that plaintiff has failed to properly serve the United States. Rule 4(i)(1) provides:

(i) Serving the United States, Its Agencies, Corporations, Officers, or Employees.

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

Fed.R.Civ.P. 4(i)(1)(A)—(C). Rule 4(i)(2) provides that

(2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

Fed.R.Civ.P. 4(i)(2)(A).

■ Plaintiff's certificate of service does not demonstrate that she served the United States Attorney in this district as required by Rule 4(i)(1)(A). Furthermore, plaintiff's certificate of service states that she served United States Attorney General Ashcroft with a copy of the petition to quash and the brief in support. Plaintiff fails to demonstrate that she served the United States Attorney General with a copy of the summons as required by Rule

4(i)(1)(B). Accordingly, plaintiff's complaint is dismissed for failure to properly serve the United States.

### III. Section 2410

Plaintiff alleges that this court has jurisdiction over her petition pursuant to 28 U.S.C. § 2410. Defendants contend that section 2410 applies only to a portion of plaintiff's claim and that the portions of her claim to which section 2410 does apply are barred by the Anti–Injunction Act.

Section 2410 provides in pertinent part:
(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—(1) to quiet title to, ... real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a)(1). The Ninth Circuit has stated:
Under 28 U.S.C. § 2410, the United States may be joined as a party to a quiet title action affecting property upon which it claims a lien. A taxpayer may not use section 2410 to collaterally attack the merits of an assessment. Rather, the taxpayer may only contest the procedural validity of a tax lien.

*Hughes v. United States,* 953 F.2d 531, 538 (9th Cir.1992) (quotation omitted).

### A. Claims over which Section 2410 Does Not Confer Jurisdiction

■ Plaintiff seeks a return of all of her wages paid to the IRS in response to the Notice of Levy. However, the Ninth Circuit has made clear that section 2410 does not provide this court with jurisdiction over this portion of plaintiff's claim because the United States no longer has a lien interest in those wages, but instead

has title to those wages. *See Hughes,* 953 F.2d at 538 ("an action [under 28 U.S.C. § 2410] is jurisdictionally barred if, at the time it is commenced, the government claims a title interest rather than a lien interest .... Jurisdiction is also lacking on any claims relating to personal property, such as previously garnished wages, in which the government now claims a title interest."). Accordingly, defendants' motion to dismiss is granted with respect to this aspect of plaintiff's claim.

### B. Non-procedural Challenges

 Plaintiff seeks to challenge the validity of the assessment itself alleging that her earnings are not taxable income and that the IRS' assessment authority is limited to alcohol, tobacco, and firearms. However, as noted above, the Ninth Circuit in *Hughes* held that "A taxpayer may not use section 2410 to collaterally attack the merits of an assessment. Rather, the taxpayer may only contest the procedural validity of a tax lien." *Hughes,* 953 F.2d at 538. Plaintiff's allegations regarding her income as untaxable and contentions regarding the taxability of only alcohol, tobacco, and firearms constitute an effort to collaterally attack the merits of the assessment itself. Section 2410 does not confer jurisdiction on this court to address the merits of plaintiff's attack on the merits.[1] Accordingly, defendants' motion to

dismiss is granted with respect to this portion of plaintiff's claim.

### C. Procedural Challenges

Plaintiff alleges that she did not receive the statutory notice and demand for payment ten days prior to the issuance of the Notice of Levy pursuant to 26 U.S.C. § 6331(a),[2] nor did she receive statutory notice of an opportunity for a Collection Due Process hearing pursuant to 26 U.S.C. § 6330.[3] Although these are the types of procedural challenges properly brought pursuant to section 2410, plaintiff's arguments are unsuccessful.

 The statute requires that to be effective, the IRS need only mail the notice and demand by certified or registered mail to the plaintiff's last known address. *See* 26 U.S.C. § 6330(a)(2)(C); 26 U.S.C. § 6331(d)(2)(C). The statute does not require that plaintiff receive or accept the registered or certified notifications. *See* 26 U.S.C. § 6330(a)(2)(C); 26 U.S.C. § 6331(d)(2)(C); *Williams v. Internal Revenue Service,* 935 F.2d 1066, 1067 (9th Cir.1991) ("A notice of deficiency is valid if it is mailed to the taxpayer's last known address even if it is not received by the taxpayer.") (citation omitted); *Camacho v. United States,* 184 B.R. 807, 811 (Bkrtcy.D.Alaska 1995), *reversed in part*

---

1. I also note that plaintiff's arguments have been rejected by a number of courts. *See Grimes v. Commissioner,* 806 F.2d 1451, 1453 (9th Cir.1986); *Gass v. United States Dep't of Treasury,* 1999 WL 250890, \*14 (D.Colo. 1999).

2. This section provides in pertinent part "If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to property ... belonging to such person ...." 26 U.S.C. § 6331(a).

3. This section provides in pertinent part:

(a) Requirement of notice before levy.—
(1) In general.—No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made ....
(2) Time and method for notice.—The notice required under paragraph (1) shall be...
(C) sent by certified or registered mail, return receipt requested, to such person's last known address; *not less than 30 days before the day of the first levy* ....
26 U.S.C. § 6330(a)(1) and (2).

*on other grounds,* 190 B.R. 895 (1995)(concluding that notice sent by certified mail to plaintiffs' last known address was sufficient for notice under § 6331(d)).

Defendants produced the affidavit of Kevin Coughlin in which he testifies that the notices of intent to levy and of an opportunity for a collection due process hearing were sent by certified mail on January 15, 2002, to plaintiff's last known address.[4] Coughlin Dec'l. ¶¶ 7, 11. Defendants further produced copies of certificates of assessment noting that they sent plaintiff the notices of intent to levy and of an opportunity for a collection due process hearing on January 15, 2002. Hendon Dec'l, Exh., A, p. 2; Exh. B, p. 2. This evidence is sufficient to demonstrate that the defendants met the requirements regarding notices of intent and of opportunity for a due process hearing by certified mail. Therefore, defendants' motion to dismiss is granted with respect to this aspect of plaintiff's claim.

### IV. Anti–Injunction Act

Defendants contend that the portion of plaintiff's claim seeking to "release the garnishment of petitioners [sic] wages" is barred by the Anti–Injunction Act, 26 U.S.C. § 7421(a)[5] which bars all suits "for the purpose of restraining the assessment or collection of any tax." *Bright v. Bechtel Petroleum, Inc.,* 780 F.2d 766, 770 (9th Cir.1986) (citation omitted). Defendants' argument is well taken.

In *James v. United States,* 970 F.2d 750 (10th Cir.1992), the court held that it lacked subject matter jurisdiction over plaintiff's claim for injunctive relief from an IRS levy on plaintiff's wages due to the Anti–Injunction Act. *Id.* at 757. The court reasoned that plaintiff's request for relief from the levy was a suit for the purpose of restraining the assessment or collection of any tax, therefore the court did not have subject matter jurisdiction over his complaint. *Id.* Other courts have held similarly. *See Bright,* 780 F.2d at 770; *Harrell v. United States,* 13 F.3d 232 (7th Cir.1993).

The Supreme Court has recognized a narrow exception to the Anti–Injunction Act when a taxpayer shows both that (1) "under no circumstance could the Government ultimately prevail" on the merits; and (2) "equity jurisdiction otherwise exists," i.e. the taxpayer is threatened with irreparable harm and there is no adequate legal remedy available. *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 6–8, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). However, plaintiff has made no showing of either of the requirements of *Enochs,* nor does a review of the record suggest to the court either that under no circumstance can the Government prevail or that equity jurisdiction exists. Accordingly, this court lacks subject matter jurisdiction over the portion of plaintiff's petition seeking release of the garnishment of plaintiff's wages.

### V. GreenPoint Financial

Plaintiff lists GreenPoint Financial in her case caption, however she fails to make any allegations or mention of GreenPoint Financial in the body of the petition. Furthermore, plaintiff has failed to properly serve GreenPoint Financial. Accordingly, plaintiff's claims against GreenPoint Financial are dismissed.

---

**4.** The court notes that the address to which defendant sent the notices is the address that plaintiff provided to the court upon the filing of this action.

**5.** This section provides in pertinent part "Except as provided in sections [n] no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).

██ Plaintiff notes in her certificate of service that she mailed a copy of her petition and brief in support thereof to Green-Point Financial. Rule 4(h) requires that in order to properly serve a corporation, plaintiff must "deliver a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R.Civ.P. 4(h)(1). There is no evidence before the court that plaintiff served Green-Point Financial with a copy of the summons. Moreover, it does not appear that plaintiff served an officer, managing or general agent, or any other agent of GreenPoint Financial. Rather, plaintiff sent her petition to the corporation generally. This is not sufficient service under Rule 4(h).

Rule 4 also allows a plaintiff to serve a corporate defendant in any manner allowed under the law of the state in which the district court is located. Fed.R.Civ.P. 4(h)(1), (e)(1). However, plaintiff's service on GreenPoint Financial was not proper under Oregon law. Rule 7D(3)(b) provides that the primary service method for a corporation is by "personal service or office service upon a registered agent, officer, director, general partner, or managing agent of the corporation . . . or by personal service upon any clerk on duty in the office of a registered agent." ORCP 7D(3)(b)(i). Although Rule 7D allows for substituted service if a registered agent, officer, director, general partner, or managing agent cannot be found where the action is filed, that substituted service must be made on a "registered agent, officer, director, general partner, or managing agent . . . or by mailing a copy of the summons and complaint to the office of the registered agent." ORCP 7D(3)(b)(ii). There is no evidence before the court that plaintiff served a summons and complaint by mail or otherwise on any agent, officer, director, general partner, managing agent or registered agent of GreenPoint Financial. Therefore, plaintiff's complaint is dismiss with respect to GreenPoint Financial.

## CONCLUSION

Defendants' motion to dismiss (# 3) is GRANTED. Plaintiff's petition is also dismissed against defendant GreenPoint Financial without prejudice for failure to make any allegations against GreenPoint in the petition and for insufficient service. Plaintiff may file an amended petition curing the deficiencies with respect to Green-Point Financial within thirty (30) days of the date of this order. Failure to file an amended petition will result in a dismissal of plaintiff's claims against GreenPoint Financial with prejudice.

IT IS SO ORDERED.