**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL STEVEN SCHAGUNN, | No. 13-35493 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00359-HZ |
| v. | |
| SHERLY GILLAND, individually and as payroll clerk for USF Reddaway; USF REDDAWAY, INC., in its corporate capacity as an Oregon corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted September 21, 2015[**]

Before:    REINHARDT, LEAVY, and BERZON, Circuit Judges.

Michael Steven Schagunn appeals pro se from the district court's judgment

dismissing his action alleging claims arising from his employer's decision to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withhold federal income taxes from his wages contrary to his instructions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 768 (9th Cir. 1986), and we affirm.

The district court properly dismissed Schagunn's action because Schagunn failed to allege facts sufficient to show that defendants improperly withheld taxes from his earnings. *See id.*, 780 F.2d at 770 ("[A]n employer is not liable to an employee for complying with its legal duty to withhold tax [under 26 U.S.C. § 3402]" and "suits by employees against employers for tax withheld are statutorily barred [by 26 U.S.C. § 3403]." (citation and internal quotation marks omitted)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (to survive a motion to dismiss a complaint must "plausibly give rise to an entitlement to relief").

The district court properly denied Schagunn's motion to remand because Schagunn's complaint included causes of actions over which the district court had original and supplemental jurisdiction. *See Bright*, 780 F.2d at 768-71 (setting forth standard of review; district court had original and supplemental jurisdiction over employee's claims against his employer for withholding taxes).

The district court did not abuse its discretion in dismissing the action without leave to amend after concluding that amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth

standard of review and explaining that a district court does not abuse its discretion in denying leave to amend when amendment would be futile).

We do not consider Schagunn's contentions regarding the district court's award of monetary sanctions because Schagunn failed to file a timely notice of appeal as to the order filed on August 2, 2013. *See* Fed. R. App. P. 4(a).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We reject Schagunn's contentions that the district court affirmed his notices of levy or lien.

All pending motions and requests are denied.

**AFFIRMED.**

13-35493