NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WENDI MEER,

            Plaintiff-Appellant,

    v.

DENNIS DILLON AUTO PARK &
TRUCK CENTER, INC.; et al.,

            Defendants-Appellees.

No. 14-35681

D.C. No. 1:12-cv-00025-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Wendi Meer appeals pro se from the district court's summary judgment in

her action alleging federal and state law claims arising from a vehicle lease

agreement.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Munger v. City of Glaslow Police Dep't*, 227 F.3d 1082, 1085 (9th Cir. 2000). We may affirm on any basis supported by the record. *United States v. State of Wash.*, 969 F.2d 752, 755 (9th Cir. 1992). We affirm.

The district court properly granted summary judgment on Meer's claims regarding the repossession of her leased vehicle because Meer failed to raise a genuine dispute of material fact as to whether defendants breached the lease agreement. *See Idaho v. Shohone-Bannock Tribes*, 465 F.3d 1095, 1098-00 (9th Cir. 2006) (applying Idaho contract law and concluding that "[c]ontract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself." (citation omitted)).

Summary judgment was proper on Meer's credit reporting claim against Northwest Leasing and bank withdrawal claim against Dennis Dillion Auto Park & Truck Center, Inc. because Meer failed to raise a genuine dispute of material fact as to whether the credit reports were fraudulent or whether her monthly lease payment for April 2011 was improperly withdrawn from her bank account. *See Friedman v. Live Nation Merchandise, Inc.*, 833 F.3d 1180, 1188 (9th Cir. 2016) (burdens of persuasion for summary judgment).

14-35681

The district court did not abuse its discretion in denying Meer's motion to disqualify Chief Judge Winmill because Meer failed to show "extrajudicial bias or prejudice." *Thomassen v. United States*, 835 F.2d 727, 732 (9th Cir. 1987) (standard of review); *see also United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) ("Ordinarily, the alleged bias must stem from an extrajudicial source. [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." (alteration in original, citations and internal quotation marks omitted)). Meer's request to convert her motion to disqualify Chief Judge Winmill into a Writ of Mandamus, set forth in her opening brief, is denied. *See Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977).

The district court properly denied Meer's motion to transfer her action to this court prior to the resolution of her claims before the district court. *See* 28 U.S.C. § 1291; *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 768 (9th Cir. 1986) (standard of review).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendants' request for fees and costs, set forth in their answering brief, is

3                                                                                    14-35681

denied without prejudice to renewal in a properly filed bill of costs and attorney's fees motion.

**AFFIRMED.**