**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| HANNAH FREDRICKSON; ASHLEY KRENING; MAURIALEE BRACKE, *Plaintiffs-Appellants*, <br><br> v. <br><br> STARBUCKS CORPORATION, a Washington corporation, *Defendant-Appellee.* | No. 13-36067 <br><br> D.C. No. 3:13-cv-00029-HU <br><br> OPINION |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Argued and Submitted March 9, 2016
Portland, Oregon

Filed November 3, 2016

Before: Raymond C. Fisher and Paul J. Watford, Circuit
Judges, and Donald E. Walter,[*] Senior District Judge.

Opinion by Judge Watford

---

[*] The Honorable Donald E. Walter, Senior District Judge for the U.S.
District Court for the Western District of Louisiana, sitting by designation.

**SUMMARY**[**]

---

**Tax Injunction Act / Federal-State Comity Doctrine**

The panel reversed the district court's judgment in a class action brought by three Starbucks baristas challenging Starbucks' practice of withholding state and federal taxes from barsitas' paychecks based on the cash tips they receive, and remanded with instructions to remand to state court because all of the claims were jurisdictionally barred or foreclosed by the comity doctrine.

The panel held that under the Tax Injunction Act and the Anti-Injunction Act, the district court lacked subject jurisdiction over the plaintiffs' claims for declaratory and injunctive relief with respect to Starbucks' withholding of state and federal taxes. The panel also held that the federal-comity doctrine barred the district court from awarding statutory damages on the state-tax component of plaintiffs' claims, from which the federal-tax component could not be severed.

---

**COUNSEL**

Jon M. Egan (argued), Jon M. Egan PC, Lake Oswego, Oregon, for Plaintiffs-Appellants.

Pratik A. Shah (argued), Daniel L. Nash, James E. Tysse, and Z.W. Julius Chen, Akin Gump Strauss Hauer & Feld LLP,

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Washington, D.C.; Gregory W. Knopp and Rex S. Heinke, Akin Gump Strauss Hauer & Feld LLP, Los Angeles, California; Carol J. Bernick, Christopher F. McCracken, and Derek D. Green, Davis Wright Tremaine LLP, Portland, Oregon; for Defendant-Appellee.

## OPINION

WATFORD, Circuit Judge:

This is a class action brought against Starbucks by three baristas who used to work at the company's coffee shops in Oregon. They challenge the legality of Starbucks' practice of withholding state and federal taxes from baristas' paychecks based on the cash tips they receive. We must decide whether the district court may hear this case given the constraints imposed by the Tax Injunction Act, the Anti-Injunction Act, and the federal-state comity doctrine.

I

A familiar sight at any neighborhood Starbucks is the tip jar near the cash register inviting customers to leave tips for the baristas. According to the plaintiffs (and what follows is drawn entirely from their complaint), the baristas pool the tips left by customers and divide them up at the end of each week. As a general practice, the baristas do not report to Starbucks how much they receive in tips. Instead, for tax withholding purposes, the company simply imputes 50 cents per hour in estimated tip income to each barista and withholds state and federal taxes from the baristas' paychecks based on that amount.

The plaintiffs allege that neither state nor federal tax law allows Starbucks to withhold taxes in this fashion. They contend that federal law permits employers to withhold federal taxes based on estimated tip income only in certain circumstances not met here, and that Oregon law does not treat the baristas' tips as wages subject to withholding of state taxes at all.

The plaintiffs filed a class action against Starbucks in Oregon state court on behalf of all current and former baristas employed at the company's coffee shops in Oregon. Their complaint asserts five state-law causes of action, each predicated on the alleged violation of an Oregon wage-and-hour statute. *See* Or. Rev. Stat. §§ 652.120, 652.140, 652.610, 653.025, 653.261. Each claim alleges that Starbucks violated state wage-and-hour laws by deducting taxes from the baristas' paychecks in a manner not authorized by state or federal law, thereby failing to pay the baristas their full wages when due.

The plaintiffs do not seek actual damages; they have been able to recover any taxes wrongfully withheld by filing their annual tax returns and obtaining refunds for any over-withholding that occurred. They instead seek statutory damages, which differ depending on the statute invoked. As to some of the claims, Oregon law allows an employee who was not paid her full wages when due to recover up to 30 days of wages as a penalty. Or. Rev. Stat. §§ 652.150, 653.055. The plaintiffs seek 30 days of wages per barista for each of those claims. As to the remaining claim, Oregon law authorizes an employee to recover a $200 statutory penalty for any wrongful deduction from wages. § 652.615. The plaintiffs seek a penalty of $200 per paycheck for each barista, on their view that the wrongful deduction provision

applies to each paycheck and allows for only one violation based on the total amount wrongfully deducted.

The complaint also requests declaratory and injunctive relief barring Starbucks from continuing to withhold state and federal taxes based on the imputed 50 cents per hour in tip income. (Because nothing ultimately turns on it, we need not decide whether the three named plaintiffs, who are no longer employed by Starbucks, have Article III standing to seek prospective relief.)

Starbucks removed the case to federal court, and the plaintiffs now concede that the Class Action Fairness Act provides a basis for federal subject matter jurisdiction. *See* 28 U.S.C. § 1332(d). Shortly after removing the case, Starbucks moved to dismiss the complaint with prejudice on the ground that all of the plaintiffs' claims are either preempted by federal tax law or barred under Oregon law. The plaintiffs opposed Starbucks' motion and filed their own motion requesting that the case be remanded to state court. The district court denied the plaintiffs' motion, granted Starbucks' motion, and entered judgment dismissing the case with prejudice.

II

Before we can address the merits of the district court's ruling, we must decide whether the district court had the authority to hear this case. That requires us to unpack the plaintiffs' claims, both in terms of the relief they seek and the theories of liability they assert. The plaintiffs seek two distinct forms of relief: declaratory and injunctive relief on the one hand, and statutory damages on the other. And their claims under Oregon's wage-and-hour statutes are predicated

on alleged violations of both state and federal tax law: They contend that Oregon law does not authorize Starbucks to withhold the state taxes at issue, and that federal law does not authorize Starbucks to withhold the federal taxes at issue.

We explain first why the district court lacks the authority to grant declaratory and injunctive relief with respect to either the state-tax component or the federal-tax component of the plaintiffs' claims. We then explain why the district court is also foreclosed from awarding statutory damages, which requires that the entire case be remanded to state court.

A

We begin with the plaintiffs' request for declaratory and injunctive relief with respect to Starbucks' withholding of state taxes. Congress has sharply curtailed the authority of federal courts to issue declaratory or injunctive relief that impedes the administration of state tax laws. The Tax Injunction Act provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. No one disputes that a plain, speedy, and efficient remedy is available to the plaintiffs in Oregon's courts, and it is well settled that the Tax Injunction Act bars the entry of declaratory judgments to the same extent that it bars the issuance of injunctions. *See California v. Grace Brethren Church*, 457 U.S. 393, 408–11 (1982). Thus, the only question is whether the declaratory and injunctive relief the plaintiffs seek would "enjoin, suspend or restrain"—that is, stop—the collection of state taxes within the meaning of the Act. *Direct Marketing Association v. Brohl*, 135 S. Ct. 1124, 1132–33 (2015).

We think the plaintiffs' requested relief would do just that. The plaintiffs want the district court to declare that Starbucks' withholding of state taxes on the basis of imputed tip income is illegal under Oregon law and to enjoin Starbucks from continuing to engage in that practice. The Supreme Court has held that an employer's withholding of tax payments from wages constitutes a method of tax "collection," and that an order enjoining employer withholding therefore stops collection of the tax. *United States v. American Friends Service Committee*, 419 U.S. 7, 10 (1974) (per curiam). (*American Friends* involved the Anti-Injunction Act, 26 U.S.C. § 7421(a), which bars actions seeking to restrain the collection of federal taxes, but the Court construes the two Acts in tandem. *See Direct Marketing*, 135 S. Ct. at 1129.) The Third Circuit has squarely held that the Tax Injunction Act bars actions, like this one, seeking to enjoin an employer's withholding of state taxes from wages. *Sipe v. Amerada Hess Corp.*, 689 F.2d 396, 401–03 (3d Cir. 1982). And the Fourth Circuit has held that withholding state taxes from lottery winnings is part of a State's collection of taxes and therefore may not be enjoined under the Act. *International Lotto Fund v. Virginia State Lottery Department*, 20 F.3d 589, 591–93 (4th Cir. 1994). We agree with the Third and Fourth Circuits and hold that the Tax Injunction Act bars the district court from enjoining Starbucks' withholding of state taxes from the baristas' paychecks.[1]

---

[1] Starbucks contends that *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766 (9th Cir. 1986), compels a different result because the court there did not hold that the Tax Injunction Act barred an employee's breach-of-contract action against his employer for withholding state taxes from his paychecks. *Bright* does not control the outcome in this case. Although *Bright* mentioned the Tax Injunction Act in a footnote, the court engaged in no analysis as to whether it applied there, while at the same time

Our holding is consistent with the Supreme Court's decision in *Hibbs v. Winn*, 542 U.S. 88 (2004), which explained that the Tax Injunction Act serves "state-revenue-protective objectives" and accordingly applies only if the requested relief would "reduce the flow of state tax revenue." *Id.* at 104, 106; *see May Trucking Co. v. Oregon Department of Transportation*, 388 F.3d 1261, 1267 (9th Cir. 2004). The Court concluded that the Act did not bar a challenge to state tax *credits* because granting the relief the plaintiffs sought (invalidation of the credits) would actually have increased, not reduced, the flow of state tax revenue. *See Hibbs*, 542 U.S. at 96. Granting the declaratory and injunctive relief requested here, by contrast, would reduce the flow of state tax revenue: If the relief were granted, Starbucks would no longer collect the state taxes in question and would no longer remit those funds to Oregon's treasury.

It is true that the plaintiffs are not challenging the amount in taxes ultimately owed, but that was also true in *American Friends* and *Sipe* yet did not change the outcome. *See American Friends*, 419 U.S. at 8; *Sipe*, 689 F.2d at 402. That the plaintiffs concede the baristas' tips are taxable income under Oregon law does not alter the revenue-reducing effect of the relief they seek. Even though the plaintiffs may *owe* the same amount in taxes at the end of the year regardless of whether Starbucks collects those taxes through withholding, that does not mean Oregon's tax revenue would remain the same in the absence of withholding. If withholding were enjoined, Oregon would no longer receive taxes on the baristas' tip income unless the baristas report that income on

holding that the Anti-Injunction Act *did* apply with respect to the analogous claim against the withholding of federal taxes. *See id.* at 770, 771 n.6.

their tax returns and have the money to pay the taxes owed when it comes time to file their returns. There is no basis for us to assume that would happen. Indeed, it is for this very reason that States collect taxes through paycheck withholding in the first place. Because the requested declaratory and injunctive relief would stop, not merely inhibit, the flow of tax revenue into Oregon's coffers, the Tax Injunction Act strips the district court of jurisdiction to award such relief. *See Direct Marketing*, 135 S. Ct. at 1133.

Our holding is also consistent with the scope of the Tax Injunction Act outlined by the Supreme Court in *Direct Marketing*. The plaintiffs there challenged the constitutionality of certain notice and reporting requirements designed to facilitate Colorado's collection of sales and use taxes. *Id.* at 1128. The Court held that, although the notice and reporting requirements "may improve Colorado's ability to assess and ultimately collect its sales and use taxes," the Tax Injunction Act is "not keyed to all activities that may improve a State's ability to assess and collect taxes." *Id.* at 1131. Instead, the Court held, the Act is "keyed to *the acts of assessment, levy, and collection themselves*, and enforcement of the notice and reporting requirements is none of these." *Id.* (emphasis added). Here, the plaintiffs challenge their employer's withholding practices. As explained above, an employer's withholding of taxes constitutes a method of tax "collection," and an order enjoining that withholding stops collection of the tax. *American Friends*, 419 U.S. at 10. Accordingly, this case falls within the scope of the Tax Injunction Act contemplated by *Direct Marketing*.

For similar reasons, we conclude that the district court lacks jurisdiction to issue declaratory or injunctive relief with respect to Starbucks' withholding of *federal* taxes. The Anti-

Injunction Act—the counterpart to the Tax Injunction Act applicable to federal taxes—provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person," subject to several exceptions that do not apply here.  26 U.S.C. § 7421(a).  Like the Tax Injunction Act, the Anti-Injunction Act applies to claims for declaratory as well as injunctive relief.  *See Hansen v. Department of Treasury*, 528 F.3d 597, 601 (9th Cir. 2007).  As noted above, the Supreme Court has squarely held that the Anti-Injunction Act bars actions against an employer's withholding of federal taxes from wages. *American Friends*, 419 U.S. at 10; *see Maxfield v. U.S. Postal Service*, 752 F.2d 433, 434 (9th Cir. 1984).  Our analysis of the bar imposed by the Tax Injunction Act with respect to the state-tax component of the plaintiffs' claims applies equally under the Anti-Injunction Act to the federal-tax component of their claims.  The district court therefore lacks jurisdiction to issue declaratory and injunctive relief with respect to Starbucks' withholding of state or federal taxes.

B

We next consider whether the district court had the authority to entertain the plaintiffs' claims for statutory damages.  Those claims are again predicated on Starbucks' alleged violation of both state and federal tax law.

As to the state-tax component of the plaintiffs' claims, the Supreme Court has not yet decided whether the Tax Injunction Act bars claims for damages.  That is a question we need not resolve because an award of statutory damages is precluded here by the federal-state comity doctrine.

In cases involving state taxes, the comity doctrine establishes an even "[m]ore embracive" prudential rule that federal courts should refrain from hearing "claims for relief that risk disrupting state tax administration." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 417 (2010). The comity doctrine extends to claims seeking damages based on the same federalism concerns animating the Tax Injunction Act's limits on declaratory and injunctive relief. *Fair Assessment in Real Estate Association, Inc. v. McNary*, 454 U.S. 100, 107, 115–16 (1981); *Marvin F. Poer & Co. v. County of Alameda*, 725 F.2d 1234, 1236 (9th Cir. 1984); *Sipe*, 689 F.2d at 403–04. That the plaintiffs seek to recover only statutory damages, and not the tax amounts said to be improperly collected, does not matter. *Fair Assessment* itself involved a claim for punitive damages in addition to actual damages, 454 U.S. at 106, and the alleged damages in *Sipe* included statutory penalties, 689 F.2d at 399–400.

Any award of statutory damages here would have the same disruptive effect as entry of a declaratory judgment or issuance of an injunction, thereby undermining the state-revenue-protective objectives of the Tax Injunction Act. *See May Trucking Co.*, 388 F.3d at 1274. To award statutory damages, the district court would first have to declare that Oregon law prohibits Starbucks' practice of withholding state taxes on the basis of imputed tip income, and Starbucks would of course cease doing so in order to avoid future liability. *See Fair Assessment*, 454 U.S. at 113. The impermissible end result, as with declaratory or injunctive relief, would be to stop the flow of tax revenue into Oregon's coffers.

As Starbucks notes, the plaintiffs do not aim to invalidate Oregon's tax laws as unconstitutional or to drag state officers

into federal court to defend those laws, factors that contributed to the comity concerns in *Fair Assessment*. *Id.* at 115–16. But the damages relief sought by the plaintiffs would nonetheless "halt" a part of Oregon's tax scheme. *Id.* at 115. The fact that the plaintiffs seek to disrupt this scheme by attempting to enforce their own interpretation of state tax law rather than asserting a federal constitutional challenge actually strengthens the case for comity. Precisely because the plaintiffs' claims turn solely on the proper interpretation of state law, there is no federal interest involved in the dispute, which Oregon's courts are better equipped to resolve given their greater familiarity with the nuances of state tax law. Nor does the fact that the plaintiffs have sued a private employer rather than state officials change the analysis, for Starbucks has been sued—and is before the court defending its tax withholding practices—only in its role as the State's "private collection agent[]." *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1411 (9th Cir. 1998) (alteration omitted).

Starbucks' reliance on *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766 (9th Cir. 1986), is again unavailing. There, an employee alleged that his employer's withholding of state and federal taxes breached his employment contract, and we refused to remand his claim challenging the withholding of state taxes to state court. We declined to invoke the comity doctrine because the "state income taxation system [was] not at issue" in the case. *Id.* at 771. Resolution of the plaintiff's challenge to the withholding of state taxes turned entirely on the validity of his challenge to the withholding of federal taxes, because a state regulation directed the plaintiff's employer to withhold state taxes from his paycheck if the employer was required to withhold federal taxes. We first determined that the plaintiff's federal withholding challenge was utterly frivolous. We then held that, to conserve judicial

resources, the district court properly disposed of the plaintiff's equally frivolous challenge to state-tax withholding without remanding that portion of the case to state court. *Id.* *Bright* did not involve a dispute, like this one, over the proper interpretation of state law—a dispute, as we have said, that is best left to the Oregon courts to resolve.

What remains is the federal-tax component of the plaintiffs' claims for statutory damages. We need not decide whether the jurisdictional bar imposed by the Anti-Injunction Act extends to the plaintiffs' requested damages relief because the plaintiffs may not pursue the federal-tax component of their claims on a stand-alone basis. The plaintiffs have pleaded each of their claims in a unitary fashion such that the improper withholding of either state or federal taxes would entitle each class member to the same indivisible statutory penalty. For some of their claims, the plaintiffs seek a single statutory penalty of 30 days' wages for each barista, which each barista may recover only once regardless of whether their wages were subject to improper deductions for state taxes, federal taxes, or both. The same is true for the $200 statutory penalty per paycheck, which the plaintiffs assert may be recovered only once for the total amount wrongfully deducted. Thus, the plaintiffs' claims for damages cannot be severed into separate state-tax and federal-tax components; for each claim, the plaintiffs have pleaded two theories of liability for the same relief to cure the same wrong. Starbucks concedes this point in its brief, acknowledging that "each of the five counts alleged in the complaint weaves predicate federal- and state-law theories into a unitary state-law claim that must be heard in either state or federal court, but not both."

\* \* \*

Under the Tax Injunction Act and the Anti-Injunction Act, the district court lacks subject matter jurisdiction over the plaintiffs' claims for declaratory and injunctive relief. The federal-state comity doctrine bars the district court from awarding statutory damages on the state-tax component of the plaintiffs' claims, from which the federal-tax component cannot be severed. Because all of the claims are jurisdictionally barred or foreclosed by the comity doctrine, the entire action must be remanded to state court. *See* 28 U.S.C. § 1447(c); *Hawthorne Savings F.S.B. v. Reliance Insurance Co. of Illinois*, 421 F.3d 835, 852 (9th Cir. 2005).

We reverse the district court's judgment and remand with instructions to remand the case to state court.

**REVERSED and REMANDED.**