**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KATHY ARMSTRONG, individual; et al.,

Plaintiffs-Appellants,

v.

GENE WALBORN, in his official
capacity as Director of the Montana
Department of Revenue,

Defendant-Appellee.

No.     16-35422

D.C. No. 6:15-cv-00114-SEH

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted March 6, 2018
Seattle, Washington

Before:  RAWLINSON and CHRISTEN, Circuit Judges, and BENCIVENGO,**
District Judge.

Plaintiff Association of Christian Schools International (the "Association")

appeals the district court's dismissal of its challenge to a Montana regulation,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Cathy Ann Bencivengo, United States District Judge
for the Southern District of California, sitting by designation.

Admin. R. Mont. 42.4.802, that denies a tax credit for donations applied towards religious education.[1] We have jurisdiction under 28 U.S.C. § 1291. We conclude that the comity doctrine controls and affirm the district court's dismissal of the Association's action.

In response to our request for supplemental briefing, the Association contends that the Tax Injunction Act (TIA) does not bar its claims because the Association is not a taxpayer seeking to avoid tax liability. *See* Supplemental Letter Brief, *Armstrong v. Walborn*, No. 16-35422 (9th Cir. 2018), Dkt. #51. The Supreme Court has not yet addressed whether the TIA bars third-party suits brought by nontaxpayers. *See Direct Marketing v. Brohl*, 235 S.Ct. 1124, 1133 n.2 (2015). We need not determine whether the TIA bars federal court jurisdiction over the Association's claims because pursuant to the comity doctrine, a complaint regarding an allegedly unconstitutional state benefits program should proceed

---

[1] This memorandum concerns only the claims of the Association. A prior memorandum concluded that the Tax Injunction Act barred federal court jurisdiction over the claims of Plaintiffs Kathy Armstrong and Jerry Armstrong. *See* Memorandum, *Armstrong v. Walborn*, No. 16-35422 (9th Cir. 2018), Dkt. #49

originally in state court.[2] *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 432 (2010) ("Because we conclude that the comity doctrine justifies dismissal of respondent's federal-court action, we need not decide whether the TIA would itself block the suit."); *see also Frederickson v. Starbucks Corp.*, 840 F.3d 1119, 1124 (9th Cir. 2016) (holding that the Court need not determine whether the TIA barred jurisdiction over plaintiffs' claims for statutory damages because "the comity doctrine establishes an even '[m]ore embracive' prudential rule that federal courts should refrain from hearing 'claims for relief that risk disrupting the state tax administration'" (quoting *Levin*, 560 U.S. at 417) (alteration in original)).

As in *Levin*, "a confluence of factors" leads to the conclusion that the comity doctrine controls here. *Levin*, 560 U.S. at 431. First, the Association's complaint demands that Montana recognize tax credits for donations supporting religiously-affiliated educational institutions, which may require Montana to extend additional tax credits if the Association prevails. The TIA bars federal courts from granting

---

[2]     The complaint and briefing leave much in doubt about how Montana's regulation would work in practice and whether the Association's member schools stand to be harmed. However, "a court *may* dismiss a case on a nonmerits ground such as comity without first resolving an accompanying jurisdictional issue." *Levin*, 560 U.S. at 434 (Kennedy, A., concurring) (citing *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422 (2007)). Here, we dismiss on prudential grounds because "subject-matter . . . jurisdiction is difficult to determine," *Sinochem Intern. Co. Ltd.*, 549 U.S. at 436, without a better understanding of how Montana's regulation would operate.

this relief because "a federal court order requiring a state to grant a tax refund is equivalent to an order preventing the collection of taxes." *Winn v. Killian*, 307 F.3d 1011, 1017 (9th Cir. 2002) (citing *Dillon v. State of Mont.*, 634 F.2d 463 (9th Cir. 1980)).  Other forms of relief may be available, but this would require a federal court to evaluate legislative preferences and involve itself in Montana's management of its fiscal operations.  *See Levin*, 560 U.S. at 420.  The Montana state courts are "better positioned than their federal counterparts to correct any violation because they are more familiar with state legislative preferences and because the TIA does not constrain their remedial options."  *Id*. at 431–32.

Second, "[t]he adequacy of available [Montana] remedies is not at issue in this case." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981).  A case raising the same issues as those presented by the Association has succeeded on the merits in state district court and is currently on appeal to the Montana Supreme Court. *See Espinoza v. Mont. Dep't of Revenue*, No. DA 17-0492 (Mont.).

Third, if the Association were to prevail, Montana may be required to recognize tax credits for donations that support the Association's religiously-affiliated member schools.  Thus, while the Association argues that it is a third-party challenger to an allegedly unconstitutional tax scheme, it may in fact be

4

"seeking federal-court aid in an endeavor to improve [its] competitive position." *Levin*, 560 U.S. at 431.

These three factors "in combination . . . demand deference to the state adjudicative process." *Id*. at 432. Because the Association's claims are foreclosed by the comity doctrine, the district court properly dismissed the Association's action.

**AFFIRMED in part.**



*Armstrong v. Walborn*, **Case No. 16-35422**
**Rawlinson, Circuit Judge, concurring in part**

I concur only in the portion of the disposition referring the matter to the state

court for initial determination.