**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2501

_____

CHRISTOPHER LISOWSKI, on behalf of himself
and all others similarly situated,
Appellant

v.

WALMART STORES, INC.,

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:20-cv-01729-NR)
District Judge: Honorable J. Nicholas Ranjan

_____

Submitted May 2, 2022

Before: GREENAWAY, JR., PORTER, and PHIPPS, *Circuit Judges*

(Opinion Filed: July 15, 2022)

_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

Christopher Lisowski purchased two 6-packs of 5-Hour Energy on separate occasions. Walmart charged him a 7% state and local sales tax of $1.88. Aggrieved by the monetary loss of approximately two dollars, Lisowski filed a putative class action in state court, alleging that 5-Hour Energy drinks are "dietary supplements" exempt from sales tax under Pennsylvania law. His claims for conversion, constructive trust, and deceptive trade practices all stem from his belief that Walmart knowingly took this charge to profit from the commission it receives for collecting sales tax. Walmart removed the suit under the Class Action Fairness Act because the alleged damages totaled more than $5 million.

Lisowski filed a motion to remand, arguing that the Tax Injunction Act ("TIA") and principles of comity required remand. The District Court determined that the TIA did not preclude jurisdiction because Lisowski, "if successful, would receive damages from a private-party defendant." *Lisowski v. Walmart Stores, Inc.*, No. 2:20-CV-1729-NR, 2021 WL 62627, at *2 (W.D. Pa. Jan. 7, 2021). The District Court then dismissed the complaint for failure to state a claim under Rule 12(b)(6). Lisowski appeals from the denial of remand and the dismissal of the complaint. We will affirm.

I

"Because a motion to remand shares an essentially identical procedural posture with a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it is properly evaluated using the same analytical approach." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016) (citing *Leite v. Crane Co.*, 749 F.3d 1117,

2

1121 (9th Cir. 2014)). Thus, we review de novo whether the District Court had subject matter jurisdiction. *Id.* "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the [notice of removal], and it requires the court to consider the allegations . . . as true." *Papp*, 842 F.3d at 811 (alteration in original) (quoting *Davis*, 824 F.3d at 346).

The Tax Injunction Act states that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The prototypical Tax Injunction Act case concerns charges that must be characterized as either a fee or a tax. *See, e.g.*, *Texas Ent. Ass'n v. Hegar*, 10 F.4th 495, 505 (5th Cir. 2021). Alternatively, they involve charges that are clearly taxes whose *validity* is being challenged. *See, e.g.*, *Sipe v. Amerada Hess Corp.*, 689 F.2d 396, 404 (3d Cir. 1982) (TIA is implicated when the court must determine "the validity of the state tax system"). But here, the issue is whether the $1.88 charged by Walmart is a tax at all. Our jurisdiction turns on that issue. If 5-Hour Energy is taxable, then Walmart's charge is unambiguously a tax, and we lack jurisdiction to enjoin its collection. If it is not taxable, then Walmart's charge is merely a fraudulent charge that it *labeled* as a tax, and we do have jurisdiction. Lisowski argues that reaching the merits of whether an item is taxable or not falls under the scope of the Tax Injunction Act or, alternatively, is barred by the principles of comity due to its potential to interfere with the state tax system.

3

But Lisowski's arguments cut against his own complaint. The complaint alleges that the $1.88 is merely an improper charge that has been fraudulently labeled as a tax. *See* Appellant Br. 4–5 ("Walmart charged (and continues to charge) a higher purchase price for dietary supplements than authorized, under the guise of collecting a lawful tax."); *see also Lisowski*, 2021 WL 62627, at *2 (noting that the "complaint assumes that no tax is owed to begin with"). Nonetheless, Lisowski claims that his suit must be remanded under the Tax Injunction Act because enjoining the collection of this charge would prevent money from reaching Pennsylvania's coffers. But assuming Lisowski's allegations are true, Pennsylvania has no interest in collecting that money at all. *See Freed v. Thomas*, 976 F.3d 729, 735 (6th Cir. 2020) (TIA did not apply when the government did not "have any property right or interest in the excess sale proceeds"). And if Pennsylvania has determined that 5-Hour Energy is not taxable, Walmart does not have the power to impose a tax, even if it labels it so on its receipts.

Undeterred by the limitations of his own complaint, Lisowski argues that if Walmart denies the allegations against it, then the court will be required to "wade into the tax regulation waters," but that if Walmart admits it violated Pennsylvania tax law, then an injunction would be appropriate. Appellant Br. 18 n.6. Lisowski's argument requires that Walmart's charge is a tax when convenient, and not a tax when inconvenient. *Compare* App. 50 (requesting decree enjoining Walmart "from the further improper collection of sales tax"), *with* Appellant Br. 4. ("Walmart charged . . . a higher purchase price . . . under the *guise* of collecting a lawful tax" (emphasis added)).

4

We reject Lisowski's "heads I win-tails you lose" argument. Walmart need not admit it violated Pennsylvania tax law, nor was the District Court required to determine if 5-Hour Energy was taxable. Instead, the District Court merely held that the facts alleged in the notice of removal did not implicate the Tax Injunction Act.[1] Lisowski's claims rest solely on Walmart's allegedly improper collection of a charge that it was not authorized to take. And the mere potential for Walmart to eventually raise a tax-based defense did not strip the District Court of jurisdiction. *Cf. Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (actions not removable based on anticipated federal defenses); App. 196 ("It's true that one of our potential defenses down the line, among many, is that these charges were statutorily authorized . . . ."). Because Lisowski merely seeks to enjoin Walmart from charging an excess purchase price, we will affirm the District Court's denial of remand based on the TIA.[2]

Alternatively, Lisowski argues that principles of comity require a remand. It is well established that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424

---

[1] The District Court also held that the TIA is limited to suits challenging a taxpayer's own underlying tax liability and is thus inapplicable to suits between private parties. While we do not reach this issue, we note that other circuits have applied the TIA to private suits. *See, e.g.*, *Fredrickson v. Starbucks Corp.*, 840 F.3d 1119, 1122–23 (9th Cir. 2016) (TIA barred relief against Starbucks' withholding of state income tax); *Gwozdz v. HealthPort Techs., LLC*, 846 F.3d 738, 744 (4th Cir. 2017).

[2] In reaching this conclusion, we recognize the Fourth Circuit's contrary opinion in *Gwozdz*, 846 F.3d at 744 (TIA barred taxpayers' attempt to "repackage an allegedly unlawful sales tax collection into a faux consumer protection suit"). There, plaintiffs sued a private party for the collection of $23 on an allegedly untaxable item. *Id.* at 740. But we do not view this case as "artful pleading." Rather, we accept as true the allegations of the complaint to determine whether the Tax Injunction Act applies.

U.S. 800, 817 (1976). Thus, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813. Comity is a discretionary doctrine, so we review the District Court's denial of remand for abuse of discretion. *See Remington Rand Corp.-Del. v. Bus. Sys. Inc.*, 830 F.2d 1260, 1266 (3d Cir. 1987).

"The comity principle is commonly applied where a plaintiff seeks a remedy that is not literally included in the text of the TIA, which by its terms is limited to injunctions." *Am. Trucking Ass'ns v. Alviti*, 944 F.3d 45, 57 (1st Cir. 2019). In other words, the TIA "prevents federal courts from giving injunctive relief, [whereas] . . . it is the principle of comity that prevents a taxpayer from seeking damages." *Dorce v. City of New York*, 2 F.4th 82, 97 (2d Cir. 2021) (alterations in original) (quoting *Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989)). Here, we have already established that the TIA does not apply to Lisowski's claims for injunctive relief, so it makes little sense to apply comity to his claims for damages.[3]

Lisowski is correct, however, that the District Court could someday be faced with the issue of deciding whether 5-Hour Energy is taxable, thus risking the possibility of enjoining a tax. And courts should be hesitant when "entertaining claims for relief that risk disrupting state tax administration." *Levin*, 560 U.S. at 417. But the District Court has ample tools to manage this case without abstaining from the outset. *See Jefferson*

---

[3] The Supreme Court has given several factors to consider when deciding whether to refrain from deciding a case based upon comity. *See Levin v. Com. Energy, Inc.*, 560 U.S. 413, 421 (2010). As the District Court noted, the comity factors are ill-fitting here. Lisowski does not raise an "alleged constitutional defect" or otherwise challenge the validity of Pennsylvania's tax system. *Lisowski v. Walmart Stores, Inc.*, 2021 WL 62627, at *3 & n.1 (W.D. Pa. Jan. 7., 2021).

*Cnty. v. Acker*, 527 U.S. 423, 435 n.5 (1999) (citing *Burford v. Sun Oil Co.*, 319 U.S. 315, 332–34 (1943) (federal abstention where state agency action is involved); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719–21 (1996) (in a case seeking damages, a federal court may not abstain, but can stay the action pending resolution of the state-law issue)). And given the ultimate dismissal of this case without reference to the taxable status of 5-Hour Energy, "there is nothing unique, complex, or particularly tax-centric about this case." *Lisowski*, 2021 WL 62627, at *3. The District Court did not abuse its discretion in determining that the mere potential for a tax-based defense to arise in the future did not warrant setting aside its "virtually unflagging obligation" to hear cases before it. *Colo. River Water Conservation Dist.*, 424 U.S. at 817. So we will affirm the District Court's denial of remand.

## II

Lisowski raised common law claims and a statutory claim under the Pennsylvania Unfair Trade Practice and Consumer Protection Law ("UTPCPL"). After denying Lisowski's motion to remand, the District Court dismissed all other claims under Rule 12(b)(6). We will affirm.

The District Court dismissed Lisowski's UTPCPL claim because Walmart was not conducting "trade or commerce" when collecting sales tax on behalf of Pennsylvania. 73 Pa. Stat. § 201-3. According to the District Court, the statute aims at the "particular evils of deception and unfairness in the commercial sphere." *Lisowski v. Walmart Stores, Inc.*, 552 F. Supp. 3d 519, 524 (W.D. Pa. 2021). Thus, the statute does not apply when Walmart collects sales tax where "state law requires [it] to do so." *Id.* at 526 (citing

7

*McLean v. Big Lots*, 542 F. Supp. 3d 343, 349–51 (W.D. Pa. 2021)). But the District Court's reasoning assumes that Walmart is a bona fide collector of sales tax. And as discussed above, the complaint alleges that the $1.88 charge is *not* a sales tax.

We nonetheless affirm, albeit on different grounds. *See Hassen v. Gov't of Virgin Islands*, 861 F.3d 108, 114 (3d Cir. 2017) ("[W]e may affirm on any grounds supported by the record."). Because Lisowski failed to establish justifiable reliance to support his statutory claim, the District Court properly dismissed his UTPCPL claim. The UTPCPL prohibits "deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. Stat. § 201-2(4)(xxi). To state a claim, Lisowski must allege that he justifiably relied on an unlawful practice. *See Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 650 (Pa. 2021). Our precedent unambiguously recognizes that this is the rule under Pennsylvania law. *Hunt v. United States Tobacco Co.*, 538 F.3d 217, 224 (3d Cir. 2008) ("Given the Pennsylvania Supreme Court's unequivocal holdings, . . . it is perhaps unsurprising that our Court has already interpreted the justifiable-reliance standing requirement to apply to *all* substantive subsections of the [UTPCPL], fraud-based or not."). Thus, a plaintiff "must allege reliance, that he purchased [an item] because he heard and believed [defendant's] false advertising." *Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001); *see also Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004) ("To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." (citations omitted)).

But Lisowski has failed to allege reliance, or any facts supporting justifiable reliance, in his complaint. App. 42–54. There is no indication that Lisowski purchased the 5-Hour Energy under the assumption that it was tax free. And there is no indication that Walmart's conduct or representations would lead a reasonable consumer to assume that 5-Hour Energy was tax free. In fact, Lisowski's allegations show that he was charged a sales tax of $.94 for his first purchase of 5-Hour Energy and that he nonetheless purchased another 5-Hour Energy, tax notwithstanding. So, we will affirm the dismissal of Lisowski's UTPCPL claim for failure to allege justifiable reliance.

Lisowski has three remaining common law claims: (1) conversion; (2) unjust enrichment; and (3) breach of constructive trust. The District Court properly dismissed these claims because Lisowski has an exclusive statutory remedy under the Tax Reform Code. *See White v. Conestoga Title Ins. Co.*, 53 A.3d 720, 731 (Pa. 2012) (noting that one of "Pennsylvania's oldest legal principles" is that a statutory remedy bars common law claims); *see also* 1 Pa. Stat. and Cons. Stat. § 1504 (codifying the principle that statutory remedies displace common law). "[I]f the legislature provides a specific, [e]xclusive, constitutionally adequate method for the disposition of a particular kind of dispute, no action may be brought . . . to adjudicate the dispute by any kind of 'common law' form of action other than the exclusive statutory method." *Lilian v. Commonwealth.*, 354 A.2d 250, 253 (Pa. 1976). As the District Court noted, the Tax Reform Act provides a refund remedy for the improper collection of a charge under the guise of a sales tax. *See* 72 Pa. Stat. § 7252 (requiring Department of Revenue to "refund all taxes, interest and penalties paid to the Commonwealth under the provisions of this article and to which the

9

Commonwealth is not rightfully entitled."). This remedy is available to any "taxpayer who has actually paid tax . . . to the Commonwealth *or to an agent or licensee of the Commonwealth* authorized to collect taxes." 72 Pa. Stat. § 10003.1 (emphasis added).

Rather than launch a putative class action, Lisowski could have sought a simple refund from the Pennsylvania Department of Revenue. In fact, Lisowski alleged that another purchaser of 5-Hour Energy petitioned for a refund and was compensated $4.51. That refund would fully compensate him for any alleged harm and would thus be constitutionally adequate. So, Lisowski's common law claims are barred by the existence of a statutory refund mechanism that is available to him.

### III

Lisowski contends that the District Court erred in dismissing his complaint with prejudice. But Lisowski "did not ask the District Court for leave to amend [his] complaint, . . . [so he] can hardly fault the Court for not granting relief [he] never requested." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007). And we have noted that district courts do not have a duty to "*sua sponte* grant leave to amend before dismissing a complaint for failure to state a claim." *Id.* at 252.[4]

\* \* \*

---

[4] Lisowski cites *Phillips v. Cnty. of Allegheny* for the proposition that "a district court must permit a curative amendment" even when a plaintiff does not seek leave to amend. 515 F.3d 224, 236 (3d Cir. 2008). We have limited this proposition to civil rights cases, so it does not apply here. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("We have rarely applied the *sua sponte* amendment rule outside of the context of a civil rights case, and we will not do so here.").

10

For these reasons, we will affirm the District Court's denial of remand and dismissal of the complaint with prejudice under Rule 12(b)(6).