NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| A. WAHEED CHAUDRY, | No. 23-55034 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-01847-GPC-AHG |
| v. | |
| COUNTY OF SAN DIEGO; TODD MCCRACKEN; LUZETTE WARNER; ELIZABETH MILLER; ALEJANDRO CHAVIRA; DOES, 1 through 25, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted March 4, 2025[**]
San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Plaintiff-Appellant A. Waheed Chaudry appeals the dismissal with prejudice

of his action against Defendants-Appellees pursuant to Federal Rule of Civil

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(1), as well as the denial of his motion to alter, amend, or vacate the judgment under Rules 59(e) and 60(b) and (d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm both decisions, though we remand for entry of dismissal without prejudice.

We review de novo a Rule 12(b)(1) order of dismissal. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). We review for abuse of discretion the denial of a motion to alter or amend a judgment under Rule 59(e), *EHM Prods., Inc. v. Starline Tours of Hollywood, Inc.*, 1 F.4th 1164, 1170–71 (9th Cir. 2021), as well as the denial of a motion to vacate under Rule 60(b) or (d), *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1166 (9th Cir. 2017); *United States v. Est. of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011). We also review for abuse of discretion the district court's decision to dismiss with prejudice. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

1. The district court correctly dismissed Plaintiff's complaint because it "lack[ed] subject matter jurisdiction over the case." Under the Federal Tax Injunction Act ("TIA"), a district court "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. When an adequate state remedy exists, a federal district court may not issue injunctive or declaratory relief or hear claims for damages. *See California v. Grace Brethren*

2

*Church*, 457 U.S. 393, 417 (1982); *Fredrickson v. Starbucks Corp.*, 840 F.3d 1119, 1124 (9th Cir. 2016).

Plaintiff sued the County of San Diego and employees of the San Diego County Assessment Appeals Board because of alleged fraudulent and defective procedures of the Board, failure to adequately train tax assessment board employees by the Board, violations of his constitutional due process rights under 42 U.S.C. § 1983, discrimination on the basis of religion and ethnicity,[1] and violations of certain of his California constitutional, statutory, and common law rights. He requested compensatory and punitive damages, as well as a declaration that the Board's conduct, policies, and practices are unconstitutional.

Plaintiff's complaint arose from his dissatisfaction with a 2017 real property tax assessment, the later denial of his assessment appeal, and the policies and conduct of the Board and its employees in handling the tax assessment and appeal. *See Online Merchs. Guild v. Maduros*, 52 F.4th 1048, 1051–52 (9th Cir. 2022) (identifying the relief sought to assess whether the TIA applied). On August 15, 2019, the Board entered a final decision denying Plaintiff's request to reopen his

---

[1] Plaintiff makes conclusory allegations that he was discriminated against on the basis of religion and ethnicity, but even if he made more fulsome allegations, his claim would still be barred under the TIA. *See Lowe v. Washoe County*, 627 F.3d 1151, 1155 (9th Cir. 2010) (finding that a party need only "have access to 'a full hearing and judicial determination' of all federal constitutional objections to the tax" (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 513 (1981))).

3

appeal. Plaintiff filed this lawsuit on November 1, 2021.[2] Because Plaintiff's complaint seeks relief that would interfere with California's tax assessment, the TIA bars the district court from hearing his complaint unless there is no "plain, speedy and efficient remedy" in state court. 28 U.S.C. § 1341; *Winn v. Killian*, 307 F.3d 1011, 1015 (9th Cir. 2002) ("The Tax Injunction Act precludes district courts from interfering with a state's 'assessment, levy, or collection' of state taxes where an efficient remedy is available in state court." (quoting 28 U.S.C. § 1341)), *aff'd sub nom. Hibbs v. Winn*, 542 U.S. 88, 112 (2004).

On appeal, Plaintiff argues that "he does not have [a] 'Plain, Speedy, and Efficient' remedy in the state courts" because "Defendants' fraud" prevented him from obtaining written findings of fact for why his tax appeal was denied. Plaintiff contends that without written findings of fact he cannot appeal the Board's ruling in California state court.

We agree with the district court that "Plaintiff fail[ed] to provide legal support that the absence of written findings of fact bars him from filing [for] relief in state court." Under California law, "[t]he person who paid the tax . . . may bring an action only in the superior court . . . against a county or a city to recover a tax which the board of supervisors of the county or the city council of the city has refused to refund

---

[2] Because we affirm on jurisdictional grounds, we do not reach Defendants' alternative statute of limitations defense.

4

on a claim filed" pursuant to California's tax refund statutes. Cal. Rev. & Tax Code § 5140. California law does not require the claimant to present written findings of fact of the assessment board.

Plaintiff argues that "[t]he issue is not whether one can file a refund action" but whether he can "meet or bear the burden [of proof] without [an] adequate record."[3] But the TIA's jurisdictional bar still applies if the "state-court remedy meets 'certain minimal *procedural* criteria.'" *May Trucking Co. v. Or. Dep't of Transp.*, 388 F.3d 1261, 1270 (9th Cir. 2004) (quoting *Rosewell*, 450 U.S. at 512). Other than as just discussed, Plaintiff fails to challenge that the state court proceedings are procedurally deficient.[4]

2. Plaintiff argues that the district court abused its discretion by dismissing his case with prejudice. We agree. *See Koster*, 847 F.3d at 656 ("In general, dismissal for lack of subject matter jurisdiction is without prejudice."). As the

---

[3] On appeal, Plaintiff argues that Defendants were "equitably estopped [from] asserting that the Plaintiff has [a] plain, speedy, and efficient remedy, because Defendants' fraud" deprived him of an adequate state court remedy. But Plaintiff had an adequate state court remedy in California superior court regardless of whether the Board issued written findings of fact, and Defendants' alleged fraud did not interfere with the availability of this remedy.

[4] Plaintiff also argues that the district court erred in "finding that Defendants/Appellees made [a] facial attack" on subject matter jurisdiction and that he lacked notice and fair hearing because Defendants had made a factual attack. A Rule 12(b)(1) challenge may be facial or factual, *see Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), and here the district court correctly found that Defendants made a facial challenge. Therefore, the district court did not abuse its discretion in denying Plaintiff's motion for relief under Rule 59.

district court recognized, "[b]ecause Plaintiff has a plain, speedy and efficient remedy in state court . . . any amendment [of the complaint in federal court] would be futile." We offer no opinion on whether a claim in state court would be timely or have merit, but a dismissal for lack of jurisdiction in federal court should not preclude an attempt to file in a court with jurisdiction.[5] *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (order) ("Dismissals for lack of jurisdiction should be without prejudice so that a plaintiff may [attempt to] reassert his claims in a competent court." (internal quotation marks and ellipsis omitted) (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam))).

**AFFIRMED in part; VACATED in part and REMANDED for entry of dismissal without prejudice.[6]**

---

[5] Plaintiff's motion to take judicial notice of certain documents (Dkt. 17) is denied.
[6] We award costs on appeal to Defendants.

6